Louis I. Sieven, Doing Business as American Realty Co., Appellant-Respondent, v. Sophie Kane, Individually and as Executrix and Trustee of Isaac Kane, Deceased, et al., Respondents-Appellants.— In an action to recover a brokerage commission on the sale of real property, and for other relief, plaintiff appeals from so much of an order dated August 1, 1956 as strikes out paragraph "7" of the complaint and dismisses the second cause of action, and defendants appeal from an order dated April 5, 1957 denying a motion to strike out the third cause of action as insufficient in law. Order dated August 1, 1956, insofar as appealed from, affirmed, without costs. Order dated April 5, 1957, reversed, with $10 costs and disbursements and motion granted, with leave to serve an amended complaint. The amended complaint is to be served, if plaintiff be so advised, within 10 days after the entry of the order hereon. If plaintiff desires to plead the confirmation of the contract of sale by the Surrogate of Kings County, he may do so by stating that fact as directed by section 241 of the Civil Practice Act. The second cause of action besides pleading to a great extent conclusions of law and evidentiary facts, is insufficient, as a matter of law, to state a cause of action against both defendants or either of them. Not only does it fail to allege that the conspiracy attempted to be pleaded resulted in anything more than the execution of the contract of sale on which plaintiff bases his cause of action, but the allegations of conspiracy are insufficient to state any cause of action against the defendants in addition to that pleaded against the defendant Kane in the first cause of action and attempted to be pleaded against defendant Frigid, Incorporated, in the third cause of action. The third cause of action as pleaded is insufficient as a matter of law for failure to allege facts which would support an inference that defendant Kane was actually and wrongfully induced by defendant, Frigid, Incorporated, to breach her contract with plaintiff, and that plaintiff suffered damage. Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.